# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| CARMEN DILLARD, | ED CV 13-01858-SH |
| Plaintiff, | MEMORANDUM DECISION AND ORDER |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court for review of the Decision by the Commissioner of Social Security granting a partially favorable decision to Plaintiff's application for Disability Insurance Benefits and Supplemental Social Security Income. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorized the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner.

The Plaintiff and the Defendant have filed their pleadings (Complaint with Brief of Points and Authorities in Support of Plaintiff's Complaint; Defendant's Memorandum in Opposition to Plaintiff's Complaint); and the Defendant has filed the certified transcript of the record. After reviewing the matter, the Court concludes that the Decision of the Commissioner should be affirmed.

## I.  BACKGROUND

On June 27, 2011, Plaintiff Carmen Dillard filed an application for a period of disability or Disability Insurance Benefits and for Supplemental Security Income, alleging an inability to work since November 1, 2007 due to mild cardiomyopathy, history of gastric bypass in 2008, and status post multiple cerebrovascular accidents (See Administrative Record ["AR"] 25-26, 255-67). Plaintiff's claim was denied initially on November 16, 2011 and upon consideration on July 3, 2012 (AR 19, 191-96, 201-07). Plaintiff requested a hearing before an administrative law judge ("ALJ") on July 31, 2012, which was held on March 19, 2013 (AR 19, 208-09, 220). On June 7, 2013, the ALJ issued a partially favorable decision, finding additional severe impairments of depression and vascular dementia beginning on July 1, 2012 (AR 19-37). The Appeals Council denied Plaintiff's request for review on August 21, 2013 (AR 1-5). Plaintiff commenced this civil action seeking judicial review of her case, alleging that the ALJ erred in holding that Plaintiff's disability did not begin until July 1, 2012.

## II. DISCUSSION

**A. The ALJ provided substantial evidence to support the finding that Plaintiff was not disabled prior to July 1, 2012**

The ALJ considered the medical opinions on the record and made a residual functional capacity (RFC) finding in accordance with the evidence presented to her. The ALJ considered the opinions of treating, examining, and non-treating, non-examining reviewing physicians and psychiatrists, including Dr. Reynaldo Abejuela, Dr. Shirley Simmons, Dr. Thaworn Rathana-Nakintara, Dr. B.A. Smith, and Dr. Dennis Alters (AR 25-30, 34). An examining physician's opinion may constitute substantial evidence based on an independent examination of the Plaintiff. See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). Opinions of non-treating, non-examining physicians may be considered substantial evidence when they are consistent with objective medical and other evidence in the record. See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).

The ALJ determined that Plaintiff had the RFC to perform light work, with some postural and environmental limitations, prior to July 1, 2012 (AR 28). This includes Plaintiff's past relevant work as a substance abuse counselor and planner for program services (AR 34). Plaintiff had physical limitations of lifting or carrying 20 pounds occasionally and 10 pounds frequently, standing or walking 6 hours in an 8-hour workday, sitting for 6 hours in an 8-hour workday, and occasionally balancing, stooping,

kneeling, crouching, crawling, and climbing ramps, stairs, ladders, ropes, and scaffolds (AR 32, 663-64).

However, the ALJ found that after July 1, 2012 Plaintiff had additional severe impairments of depression and vascular dementia (AR 26). These impairments limited Plaintiff to simple, routine, and repetitive tasks involving simple work-related decisions and routine workplace changes, with no fast-paced production requirements, and with superficial or no direct interaction with the public and occasional interaction with co-workers (AR 33). The ALJ found that after July 1, 2012, Plaintiff could not perform her past relevant work or any jobs existing in significant numbers in the national economy (AR 35-36, 86).

Objective medical and opinion evidence in the record supports the ALJ's finding that Plaintiff was not disabled prior to July 1, 2012. Following his consultative psychiatric examination in November 2007, Dr. Abejuela assessed only mild limitations on the Plaintiff, concluding that Plaintiff exaggerated her symptoms and limitations (AR 25, 30, 403-410). State agency physical medical consultants agreed that Plaintiff's alleged mental impairments were non-severe through December 31, 2009 (AR 25, 133-40, 145-52).

Following her September 2011 examination, Dr. Simmons determined that Plaintiff was fully oriented with organized thoughts, average intellectual functioning, good long-term and fair short-term memory, good fund of knowledge, and fair insight

4

and judgment (AR 573). Though Plaintiff showed signs of depression, she appeared to exaggerate her symptoms and exerted minimal effort during testing (AR 574-75).

Following his psychiatric evaluation on June 17, 2012, Dr. Rathana-Nakintara found that Plaintiff had appropriate affect, linear and goal-oriented thought process, normal thought content, intact abstract thinking, fund of knowledge, insight and judgment, and was fully oriented (AR 671-72). Dr. Rathana-Nakintara determined that Plaintiff could perform simple and repetitive tasks and would be mildly limited in performing detailed and complex tasks (AR 672-73).

Following a consultative examination of Plaintiff and review of the medical record, state agency reviewing psychiatrist Dr. Paxton determined that Plaintiff's mental impairment was non-severe on November 8, 2011 (AR 135-36). After reviewing the record on July 2, 2012, Dr. Smith affirmed this non-severe finding (AR 164-65). Though Dr. Paxton previously determined that Plaintiff's impairment was severe, that finding occurred before his consultative examinations of Plaintiff, so it was reasonable for the ALJ to give more weight to Dr. Paxton's later assessment that also took into account Dr. Simmons's examination (AR 95-96, 135-136). The ALJ is responsible for resolving evidentiary conflicts. See Tommasetti v. Astrue, 533 F.3d 1033, 1041-42 (9th Cir. 2008). Moreover, the ALJ's interpretation of the evidence requires deference and must be upheld when supported by substantial evidence. See Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995); Lockwood v. Comm'r Soc. Sec., 616 F.3d 1068, 1071 (9th Cir. 2010).

Additionally, the ALJ cited conservative treatment and Plaintiff's ability to perform basic activities of daily living to support her partially favorable decision (AR 23). Conservative treatment may diminish Plaintiff's credibility regarding the severity of an impairment. Parra v. Astrue, 481 F.3d 742, 750-51 (9th Cir. 2007). This includes "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." Tommasetti, 533 F.3d at 1041-42. The ALJ cited Plaintiff's cancelled appointments and failure to show up for several appointments as evidence that her symptoms were less severe than Plaintiff asserted (AR 27, 679, 683).

Moreover, Plaintiff attended school in 2009 and obtained a Master's degree (AR 23, 55, 68). Plaintiff also took care of her ill husband, herself, and attempted to start her own business in 2010 (AR 26, 29). Even if these activities do not necessarily translate into an ability to perform sedentary work, the ALJ can consider them in evaluating whether Plaintiff has a greater functional capacity than she alleges. See Valentine v. Commissioner, Soc. Sec. Admin., 574 F. 3d 685, 693 (9th Cir. 2009).

Ultimately, following his September 14, 2012 evaluation of Plaintiff, Dr. Alters concluded that Plaintiff had no useful ability to function in a wide range of workplace activities due to additional limitations in her mental abilities (AR 34, 754-55). As of that date, Plaintiff could not remember work-like procedures, maintain attention for two-hour segments, sustain an ordinary routine without special supervision, work in coordination with or proximity to others without being unduly distracted, make simple work-related

decisions, complete a normal workday and workweek without interruptions from psychologically-based symptoms, perform at a consistent pace without an unreasonable number and length of rest periods, respond appropriately to changes in a routine work setting, understand and remember detailed instructions, carry out detailed instructions, set realistic goals or make plans independently of others, deal with stress of semiskilled and skilled work, and travel in unfamiliar place (AR 34, 754-55). This is consistent with the objective medical and opinion evidence in the record and the ALJ's finding that Plaintiff was disabled beginning on July 1, 2012.

The ALJ may contact medical sources where there is "insufficient evidence to determine whether [Plaintiff is] disabled," but the ALJ cites sufficient medical and opinion evidence to support her disability finding. 20 C.F.R. § 404.1520b(c). Plaintiff cites no authority that requires a medical opinion to include an onset date for ALJ to rely on it as substantial evidence in support of her findings. Hence, there was no need for the ALJ to contact Dr. Alters for a specific onset date of vascular dementia and depression.

Furthermore, Dr. Alters did not begin treating Plaintiff until February 2012, and last treated Plaintiff in September 2012, which does not support Plaintiff's assertion that she was disabled as of May 12, 2011 because of similar complaints (AR 678-708, 754-55). Though there is medical evidence indicating that Plaintiff had a potential "subtle residual focus of subacute subarachnoid hemorrhage," stroke, speech and mental deficits, and was diagnosed with depression, bipolar disorder, and a major depressive disorder,

Plaintiff did not meet her burden of proving that these impairments rendered her disabled and unable to perform basic work-related activities (AR 22, 544, 557, 620, 630, 642, 653).

Overall, the ALJ provided sufficiently clear and convincing reasons supported by substantial evidence in the record for finding that Plaintiff was not disabled prior to July 1, 2012. See Lockwood, 616 F.3d at 1071. Though Plaintiff complained of vision problems, right hand tingling, and difficulty finding the right words on May 6, 2011 as well as dizziness, headaches, and confusion on June 29, 2011, Plaintiff's subjective complaints were insufficient to establish disability (AR 547, 544).

Though the ALJ cannot disregard Plaintiff's testimony solely because it is not supported by the medical record, the ALJ may consider a conflict between objective medical evidence and Plaintiff's subjective complaints in evaluating the credibility of the Plaintiff. Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001). Dr. Simmons noted that Plaintiff seemed to exaggerate her level of distress, which was "somewhat inconsistent and seemed disingenuous," since she comprehended all test questions and "her effort during testing seemed somewhat malingered" (AR572-73). Though Plaintiff's mood indicated that she was depressed, Dr. Simmons found that she seemed to exaggerate her symptoms by presenting excessive gestures, crying loudly without tears, talking quickly, and offering detailed information unsolicited, which was not "completely consistent with someone who has ongoing depression" (AR 573). Dr. Simmons attributed

Plaintiff's low test scores to "malingered anxiety rather than actual cerebral dysfunction" or "actual memory decline," concluding that Plaintiff's "tendency to exaggerate her emotional concerns makes a diagnosis of depressive disorder difficult" (AR 574-75).

Additionally, Dr. Rathana-Nakintara noted that Plaintiff spoke fluently without any difficulty despite stating that she had problems with speech after a stroke and she seemed to have very strong legs and carry her walker instead of leaning on it (AR 671-72). Dr. Rathana-Nakintara also asserted that Plaintiff appeared to be doing something else when she came up with the wrong answer during the assessment of her concentration and came up with the wrong answer when reassured that she answered correctly (AR671).

Moreover, Dr. Abejuela determined that Plaintiff's psychiatric limitations were none to mild and that Plaintiff was not seeing a psychiatrist or psychologist or taking psychiatric medication despite Plaintiff's complaints that she had depression, crying spells, felt sad, was anxious, got confused, and sometimes had trouble with concentration and memory (AR 407-09). Dr. Abejuela also noted that Plaintiff was initially "more interested in the administrative process of the SSA" than cooperating with the mental status examination (AR 408).

Since both Dr. Simmons and Dr. Rathana-Nakintara note that Plaintiff tended to exaggerate her symptoms and limitations, the ALJ reasonably relied on objective medical and opinion evidence in evaluating Plaintiff's disability (AR 574-75, 403-410). The ALJ properly discounted Plaintiff's credibility regarding her complaints and impairments prior

to July 1, 2012 since Plaintiff's complaints tended to be inconsistent, unsupported by the record, and accompanied by evidence of malingering (AR 30).

Plaintiff's assertions that she suffered from vascular dementia and depression prior to July 1, 2012 do not establish that these impairments were disabling. Regardless of severity, the ALJ properly evaluated the functional limitations established by objective medical evidence in the record. See Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007). Even if Plaintiff suffered from severe depression and vascular dementia, of which there is some evidence in the record, Plaintiff mainly relies on her subjective complaints. Since the ALJ reasonably discounted Plaintiff's credibility prior to July 1, 2012 and Plaintiff does not challenge the ALJ's credibility finding, it was reasonable for the ALJ to rely on objective evidence in the record instead of Plaintiff's subjective complaints in evaluating the onset of Plaintiff's depression and vascular dementia. Hence, objective medical and opinion evidence in the record supports the ALJ's conclusion that Plaintiff's impairments were not disabling before July 1, 2012.

The Court finds that the ALJ properly evaluated the objective medical and opinion evidence to make the determination that Plaintiff was not disabled prior to July 1, 2012.

### III. CONCLUSION

For the foregoing reasons, the Decision of the Commissioner is affirmed and the Complaint is dismissed.

DATED: June 17, 2014                    *Stephen J. Hillman*

STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE